[NOT FOR PUBLICATION]

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT
 

No. 97-1288

 WILLIAM H. JONES, JR.,

 Plaintiff, Appellant,

 v.

 COMMISSIONER, NH DEPARTMENT OF CORRECTIONS, ET AL.,

 Defendants, Appellees.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF NEW HAMPSHIRE

 [Hon. Joseph A. DiClerico, U.S. District Judge] 

 

 Before

 Selya, Boudin and Lynch,
 Circuit Judges. 

 

William H. Jones, Jr. on brief pro se. 
Philip T. McLaughlin, Attorney General, Martin P. Honigberg, 
Senior Assistant Attorney General, and Jennifer Brooks Gavilondo, 
Attorney, Civil Bureau, New Hampshire Attorney General's Office, on
brief for appellees.

 

 November 19, 1997
 

 Per Curiam. Plaintiff-appellant William H. Jones, 

Jr. appeals following a district court judgment in favor of

various prison and halfway house officials on his claims

brought pursuant to 42 U.S.C. 1983. We affirm.

 Jones complains that the district court erred in

setting aside an entry of default against Corporal Frank

Cassidy. We review a district court decision to set aside a

default solely for abuse of discretion. Leshore v. County of 

Worcester, 945 F.2d 471, 472 (1st Cir. 1991). Having 

reviewed the record, we find no abuse of discretion in the

instant case. We add that although Jones lists the grant of

summary judgment in favor of Cassidy as an issue on appeal,

he nowhere makes a developed argument that summary judgment

was in error. Under the circumstances, we deem the issue

waived. See King v. Town of Hanover, 116 F.3d 965, 970 (1st 

Cir. 1997). We add that even if the issue were not waived,

summary judgment would be proper for the reasons stated by

the district court.

 Jones also contends that the district court erred

in granting summary judgment in favor of Officer Darren

Basoukas Corporal Stephen Nolan, and Warden Michael

Cunningham. Having reviewed the grant of summary judgment de 

novo, we find no reversible error. See Dubois v. United 

States Dep't of Agric., 102 F.3d 1273, 1283 (1st Cir. 1996), 

 -2-

cert. denied, 117 S. Ct. 2510 (1997) (setting forth standard 

of review). 

 The claims against Basoukas and Nolan stemmed from

Jones's allegations that he was denied insulin and a

hypodermic needle on May 24, 1994 when he signed out of the

halfway house to go to work. Both Basoukas and Nolan

submitted affidavits denying any personal involvement in the

alleged incident. Jones failed to submit any countervailing

evidence on this point, and, contrary to his suggestion, the

records submitted by defendants do not establish Nolan's

presence at the "signing out." His tardy unsworn allegation

to this effect, made in a pretrial statement, was

insufficient to defeat summary judgment. See DeNovellis v. 

Shalala, 124 F.3d 298, 305-06 (1st Cir. 1997) ("The very 

mission of the summary judgment procedure is to pierce the

pleadings and to assess the proof in order to see whether

there is a genuine need for trial." (quoting Fed. R. Civ. P.

56(e) advisory committee's note to 1963 amendment)). F o r

similar reasons, we reject Jones's challenge to the grant of

summary judgment in favor of Cunningham. The claim against

Cunningham at issue on appeal stemmed from the alleged denial

of special diet meals at the halfway house. We agree with

the district court that Jones failed to show "[a] link

between defendant Cunningham's alleged indifference and

[Jones's] non-receipt of medical meals." Jones introduced no

 -3-

evidence, by way of affidavit or otherwise, that he ever made

any member of Calumet House aware that his medical condition

required a special diet. His tardy, unsworn allegations to

the effect that staff knew he was on a special diet, made for

the first time in his pretrial statement, are not grounds for

reversal.

 Affirmed. 

 -4-